

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| EX REL. TERRANCE GRIFFIN,            § | |
|                 Plaintiff,     § | |
| § | |
| vs.              § | CIVIL ACTION NO. 0:23-1173-MGL-PJG |
| § | |
| § | |
| COLETTE PETERS, ROBIN CARNAHAN,   § | |
| and JOHN MARTIN,       § | |
|                 Defendants.     § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITHOUT PREJUDICE**

Plaintiff Terrance Griffin (Griffin), who is representing himself, filed this lawsuit against the above-named Defendants (Defendants). He brings this action pursuant to the Freedom of Information Act (FOIA).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Griffins's action be dismissed for lack of subject matter jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 9, 2023, and the Clerk entered Griffin's objections on June 26, 2023, and his supplemental objections on July 28, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Griffin has lodged six objections against the Report. First, he argues the Magistrate Judge erred in saying he had failed to cure the deficiencies she identified in her April 21, 2023, Order (Order). There, she stated Griffin "has failed to provide any indication that he followed the proper FOIA request procedures found in 28 C.F.R. § 16, including the administrative appeal process, or that he can meet the constructive exhaustion provision under 5 U.S.C. § 552(6)(C)." Order at 3.

But, the Court has carefully reviewed Griffin's amended complaint and agrees with the Magistrate Judge. He failed to cure all the deficiencies she identified in the Order. Therefore, the Court will overrule Griffin's first objection.

Second, Griffin states the Magistrate Judge erred in suggesting he is currently incarcerated in the federal Bureau of Prisons (BOP). She states Griffin's "FOIA request sought information pertaining to [his] apparent incarceration in a BOP prison." Report at 1. The Court fails to interpret this as saying Griffin is currently incarcerated in the BOP.

But, even if the Magistrate Judge did err in this regard, the error is inconsequential. Thus, the Court will overrule Griffin's second objection, too.

Third, Griffin states "[t]he Magistrate Judge[ ] . . . err[s] in applying the requirements of 28 C.F.R. § 16 to [his] case." Objections at 2 (capitalizations modified). But, he fails to provides any factual or legal basis for this objection. Accordingly, the Court will overrule Griffin's third objection, as well.

Fourth, Griffin "contests . . . Defendants have made no good-faith attempt to assist him in satisfying the requirements of 28 C.F.R. § 16." *Id*. (capitalizations modified). But, this conclusory statement, without more, is an insufficient basis for relief. Consequently, the Court will also overrule Griffin's fourth objection.

Fifth, Griffin "objects to the Magistrate[ ] [Judge's] recommending summary dismissal for lack of subject matter jurisdiction." Supplemental Objections at 1(capitalizations modified). He then goes on to claim he "constructively exhausted his administrative remedies . . . when . . . Defendants did not respond to his FOIA request within 20 working days." *Id*. (capitalizations modified).

But, as the Magistrate Judge stated, Griffin "failed to provide any indication that he followed the proper FOIA request procedures found in 28 C.F.R. § 16[.]" Report at 2. And, given his third objection in which he states "[t]he Magistrate Judge[ ] . . . err[s] in applying the requirements of 28 C.F.R. § 16 to [his] case[,]" Objections at 2 (capitalizations modified), as well as his failure to allege he followed those procedures, the Court is left to assume he is unable to show he "followed the proper FOIA request procedures[.]" Report at 2.

Thus, if he is unable to show he followed the proper FOIA request procedures, he is necessarily unable to show he constructively exhausted his administrative remedies. As such, the Court will overrule Griffin's fifth objection, as well.

Sixth, Griffin states the Magistrate Judge erred in concluding the Court lacks subject matter jurisdiction over this matter because it has original jurisdiction over the case in accordance with 28 U.S.C. § 1361. As per that statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). "A court may grant mandamus relief only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (citation omitted) (internal quotation marks omitted). But still, "the district court has broad discretion in weighing the equities and deciding whether the agency's delay is so egregious as to warrant mandamus." *Burwell*, 812 F.3d at 193 (internal quotation marks omitted).

Simply put, Griffin has failed to show he entitled to Section 1361 mandamus relief. Hence, the Court will also overrule Griffin's sixth objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Griffin's six objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Griffin's action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and Griffin's motion to expedite is **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 24th day of September, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Griffin is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.